LUCIEN BARNES, as Trustee, etc., Respondent, v. ALL AMERICAN INVESTING COMPANY, INC., Defendant, Impleaded with JAMES S. KEILY, Appellant.— Order reversed upon the law, without costs, and application denied, without costs.   The alleged certified copy resolution filed by plaintiff with the Equitable Trust Company was false in fact.  No such meeting as that recited therein had been held, and, therefore, no such resolution adopted, nor could it become an order of the board of directors by the separate consent of each director not acting collectively as a board.  (Gerard v. Empire Square Realty Co., 195 App. Div. 244.)   The filing thereof with the trust company by plaintiff was not, therefore, within the lawful powers and duties of plaintiff as trustee under the trust agreement, but was a fraud and deception practiced by him upon the trust company.   Appellant's statement to the officers of the trust company that such certified copy was false and fraudulent did not interfere with the lawful exercise by plaintiff of his powers and duties as trustee, and did not, therefore, constitute a contempt.   Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ., concur.

FRANK J. BRADLEY, Trading as THE BRADLEY SHOE COMPANY, Respondent, v. CHARLES E. WETHEY, Trading as C. E. WETHEY SHOE COMPANY, Appellant.— Judgment and orders unanimously affirmed, with costs.  No opinion.  Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

In the Matter of the Application of BRONX PARKWAY COMMISSION, Appellant, to Acquire Title to Lands of LINA RUDOWSKY, Respondent, and Others.— Order denying motion to confirm report of commissioners of appraisal reversed, without costs, and motion granted, without costs.   There is nothing to indicate that the commissioners proceeded upon an erroneous principle, and the award is not unsupported by the evidence nor can it be said that it is so inadequate as to be palpably unjust.  The report, therefore, should have been confirmed.  (Matter of Bronx Parkway Commission, 192 App. Div. 412; New York Central & H. R. R. R. Co. v. Newbold, 166 id. 194.)   The court is not authorized to substitute its judgment for that of the commissioners of appraisal.  (2 Lewis Em. Dom. [3d ed.] 1378.)  Kelly, P. J., Rich, Jaycox and Kapper, JJ., concur.

JULIUS LEVENTHAL, Respondent, v. DAVID KRAUS, Appellant.— Order granting injunction pendente lite reversed on the law and the facts, motion denied and temporary injunction vacated, with ten dollars costs and disbursements.  The order appealed from went far beyond preserving the status quo between the parties to the action.  It undertook summarily to dispose of the rights of Traub, who was not a party to the action, and who was actually in possession of the premises and had been in possession thereof since 1920 under a written agreement which by its terms does not expire until 1923.  The plaintiff has thus obtained by a temporary order the complete measure of temporary relief that is sought by a judgment in the action.  The legal effect of the order is really that of a mandatory injunction giving possession to the plaintiff as against one who is actually in possession and who is not a party to the action.  Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.